1  Paul Harrigan (SBIN 76691)
   2785 S Bear Claw Way
2  Meridian, Idaho  83642
   Telephone: (831) 401-2296
3  Fax: (831) 401-2296

4  Attorney for: Debtor and defendant WWDT ENTERPRISES, INC.



8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LE KUN WU, individually and as trustee of the WU LIVING TRUST, DATED 10-06-97; KATHERINE WU, as an individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>MAGNUS SUNHILL GROUP, LLC, a California Limited Liability Company; DAVID WAN, an individual; DAVID TSAI, an individual; TSAI & ASSOCIATES, ARCHITECTS, a California business entity; MILDRED PROPERTIES, LLC, a California Limited Liability Company; MANDARIN REALTY I CORPORATION, a California corporation; MOUNTAINFIELD PROPERTIES, LLC, a California limited liability company; CENTRAL ESCROW INC, a California corporation; SARAH SHUM, an individual; WWDT ENTERPRISES, INC., a California corporation; WEI WANG, an individual; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CV12-08047 DSF (AGRx)<br><br>NOTICE OF REMOVAL OF LOS ANGELES SUPERIOR COURT CASE NUMBER GC 045340, consolidated with BC 450144 and BC 466955 |

1

| | |
|---|---|
| LE KUN WU, an individual; WEI JUNG WU, an individual; LE KUN WU AND WEI JUNG WU, as co-trustee of the WU LIVING TRUST, DATED 10-06-97; KATHERINE WU, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>WWDT ENTERPRISES, INC, a California corporation; WEI WANG, an individual and DOES 1-50, inclusive<br><br>Defendants. | No. |
| LE KUN WU, individually and as trustee of the WU LIVING TRUST, DATED 10-06-97; KATHERINE WU, as an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MAGNUS SUNHILL GROUP, LLC, a California Limited Liability Company; and DOES 1 through 30 inclusive,<br><br>Defendants. | No. |

## JURISDICTION

1. This Notice of Removal is filed pursuant to, and this Court has jurisdiction pursuant to 28 U.S.C. section 1441, in that the removing party, WWDT Enterprises, Inc., has filed a petition for bankruptcy in this District, In re WWDT Enterprises, Inc.., Case number 2:12-bk-41573-BR and is a defendant in Los Angeles Superior Court case number GC 045340, which is consolidated with Los Angeles Superior Court cases BC 450144 and BC 466955.

2. Copies of the consolidated complaints of the plaintiffs in the case are attached as Exhibits 1 and 2 to this Notice of Removal.

,

## VENUE

3. Venue in this district exists pursuant to 28 U.S.C. section 1452 and Bankruptcy Rule 9027, in that the removed case is pending in the Los Angeles Superior Court, which is within this district and division.

## ACTION IS CORE PROCEEDING

4. The action being removed is a core proceeding pursuant to 11 U.S.C. section 157 (O), in that the action is the principal asset of the estate, and the funding of the prosecution of the action and the distribution of the judgment is the principal purpose of and will form the principal substance of the Plan of Reorganization.

DATED: September 18, 2012

                LAW OFFICE OF PAUL HARRIGAN

                By_____
                    Paul Harrigan
                    Attorney for removing party and defendant
                    WWDT Enterprises, LLC

# EXHIBIT 1

LAW OFFICES OF THOMAS H. GODWIN
THOMAS H. GODWIN (SBN 255384)
520 Broadway, Suite 350, PMB 173
Santa Monica, California 90401
Telephone: (310) 463.5507
Facsimile: (877) 486.5424
Email: tgodwin@tgodwinlaw.com
Attorney for Plaintiffs
Le Kun Wu, individually and as Trusee of the
Wu Living Trust, dated 10-06-97, and Katherine Wu

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| LE KUN WU, individually and as trustee of the WU LIVING TRUST, DATED 10-06-97; KATHERINE WU, as an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MAGNUS SUNHILL GROUP, LLC, a California Limited Liability Company; DAVID WAN, an individual; SI LAU, an individual; DAVID TSAI, an individual; TSAI & ASSOCIATES, ARCHITECTS, a California business entity; MILDRED PROPERTIES, LLC, a California Limited Liability Company; MANDARIN REALTY I CORPORATION, a California corporation; MOUNTAINFIELD PROPERTIES, LLC, a California limited liability company; CENTRAL ESCROW, INC, a California corporation; SARAH SHUM, an individual; WWDT ENTERPISES, INC., a California corporation; WEI WANG, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. GC045340, consolidated with BC 450144 and BC 466955<br><br>**[PROPOSED] CONSOLIDATED THIRD AMENDED COMPLAINT OF LE KUN WU, INDIVIDUALLY AND ON BEHALF OF THE WU LIVING TRUST, DATED 10-06-97 AND KATHERINE WU**<br><br>**(1) Breach of Fiduciary Duty**<br>**(2) Fraud**<br>**(3) Negligent Misrepresentation**<br>**(4) Constructive Fraud**<br>**(5) Breach Of Contract**<br>**(6) Account Stated**<br>**(7) Conversion**<br>**(8) Violations of the UCL**<br><br>**[DEMAND FOR JURY TRIAL]** |

**CONSOLIDATED THIRD AMENDED COMPLAINT**

| | |
|---|---|
| LE KUN WU, an individual; WEI JUNG WU, an individual; LE KUN WU and WEI JUN WU, as co-trustee of the WU LIVING TRUST, DATED 10-06-97; KATHERINE WU, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WWDT ENTERPRISES, INC, a California corporation; WEI WANG, an individual and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. BC 450144 |
| LE KUN WU, an individual, and as trustee of THE WU LIVING TRUST dated 10-06-97, and KATHERINE WU, an indivudal,<br><br>Plaintiffs,<br><br>vs.<br><br>MAGNUS SUNHILL GROUP, LLC, a California Limited Liability Company; and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO. BC 466955 |

**CONSOLIDATED THIRD AMENDED COMPLAINT**

Plaintiffs Le Kun Wu, the Wu Living Trust, dated 10-06-97, and Katherine Wu, upon personal knowledge as to themselves, their own acts and the acts they witnessed, and upon information and belief as to all other matters, allege as follows:

## I. INTRODUCTION

1. This case is about a group of faithless fiduciaries who exploited a relationship of trust and confidence to defraud a mom, husband disabled with a brain tumor and their daughter out of over $1.3 million of invested capital.

2. In 2003, David Tsai attempted to raise enough equity through a single investor located in Hong Kong to finance a purported development project for a mixed use commercial center in Monterey Park, California. The primary investor backed out. Defendant Tsai recruited Defendants Si Lau and David Wan. Together, they went hunting for new money. To entice Plaintiffs, Defendants Tsai, Lau and Wan represented that they were experts in their fields, the investment was safe, construction would easily be completed within three years and Plaintiffs would obtain a 50 percent profit along with 10 percent interest within three years. Defendants Tsai, Lau and Wan also represented that Plaintiffs' investment would be used to make the $6.5 million equity requirement needed to obtain construction financing.

3. Defendants Tsai, Lau and Wan, however, failed to disclose the fact that they had put in place a high risk plan to acquire the property that the development needed to go forward. They also failed to disclose how much money their plan would consume and the problems it would create. Specifically, Defendants Tsai, Lau and Wan had secretly decided to gamble on acquiring the needed property within a few months through eminent domain procedures. Defendants never disclosed that eminent domain procedures could drag on for years and consume millions of dollars. In fact, the eminent domain proceedings did drag on for years and (based on a 2010 report by Paul Harrigan) they consumed the entire $6.5 million capital contribution that Defendants had promised to use to acquire a construction loan.

4. Defendants' fraud escalated as time went on and grew to include others. As explained below, Defendants used positions of control and trust to convert Magnus Sunhill, LLC into a personal

piggy bank and enrich themselves at Plaintiffs' expense. Through their positions of trust and control, Defendants suppressed the existence of the fraud until evidence of wrongdoing leaked out in 2009.

## II. PARTIES

5. Plaintiff Le Kun Wu ("Ms. Wu") is and was at all relevant times a resident of County of Los Angeles, California; she is also trustee of the Wu Living Trust, dated 10-06-97. She is 62 years old. Although he passed away in from a menigioma in the brain stem area in 2011, Ms. Wu's husband (Wei Jiung Wu) was a radiologist. Neither Ms. Wu nor her husband were or are experienced investors in real estate.

6. The Wu Living Trust, dated 10-06-97 (the "Trust"), is and was at all relevant times a California trust. Ms. Wu purchased a membership interest in Magnus Sunhill Group, LLC ("Magnus") on behalf of the Trust in or about April 2004. The Trust continued to make capital contributions through August 2006 for a total capital contribution of approximately $700,000. The Trust continues to hold a membership interest in Magnus.

7. Plaintiff Katherine Wu ("K. Wu") is Le Kun Wu's daughter; she also is and was at all relevant times a resident of the County of County of Los Angeles, California.

### Magnus

8. Defendant Magnus Sunhill Group, LLC ("Magnus") is and was at all relevant times a California limited liability company with its principal place of business in County of Los Angeles, California.

### Management Defendants

9. Defendant David Tsai is and was at all relevant times a resident of County of Los Angeles, California; at all relevant times, he was also a manager of Magnus. Mr. Tsai holds a Master Degree of Architecture from the University of California at Berkeley, which he obtained in 1970. He has been a licensed architect in California since 1978 and a licensed contractor since 1977. Among other companies, he owns Tsai Development, a design and construction business, and Tsai & Associates, AIA, an architectural business. Mr. Tsai is a highly sophisticated real estate investor and developer. His knowledge and expertise in those areas is far superior to Plaintiffs.

10. Defendant Si Lau is and was at all relevant times a resident of County of Los Angeles, California; at all relevant times, he was also a manager of Magnus. Defendant Lau is a certified public accountant. He has over 25 years of experience in financial and performance audits specifically in the real estate industry. The entities he has audited in his career range from multi-million dollar operations to billion dollar operations. Mr. Lau has also been an active real estate investor in Southern California since 1986. His knowledge and expertise in accounting and real estate investments is far superior to Plaintiffs.

11. Defendant David Wan ("Wan") is and was at all relevant times a resident of County of Los Angeles, California; he was also a manager of Magnus. Mr. Wan is a highly experienced real estate broker. He has held a real estate sales license since 1977 and a real estate broker's license since 1986. He boasts sales of between $50 million and $150 million a year from 1983 to the present. His knowledge and expertise in real estate transactions and investments is far superior to Plaintiffs.

12. Defendants Tsai, Wan and Lau are collectively referred to as the "Management Defendants."

### WWDT Defendants

13. Upon information and belief, Defendant WWDT Enterprises, Inc. ("WWDT") is a California corporation with its principle place of business in the County of Los Angeles, California.

14. Upon information and belief, Wei Wang is the managing member of WWDT and was at all relevant times a manager of Magnus and a resident of the County of Los Angeles, California.

### Escrow Defendants

15. Upon information and belief, Defendant Central Escrow, Inc. ("Central Escrow") is and at all relevant times was a California Limited Liability Company with a principal place of business in County of Los Angeles, California.

16. Upon information and belief, Defendant Sarah Shum ("Shum") is and at all relevant times was an individual residing in County of Los Angeles, California and was an officer of Central Escrow.

17. Central Escrow and Shum are collectively referred to as the "Escrow Defendants."

3
**CONSOLIDATED THIRD AMENDED COMPLAINT**

### Enterprise Defendants

18. Upon information and belief, Defendant Mountainfield Properties, LLC ("Mountainfield") is and at all relevant times was a California Limited Liability Company with a principal place of business in County of Los Angeles, California. Based on information and belief, Defendants Wan and Lau are the sole members of Mountainfield.

19. Upon information and belief, Defendant Mandarin Realty I Corporation ("Mandarin") is and at all relevant times was a California Corporation with a principal place of business in County of Los Angeles, California. Based on information and belief, David Wan is Mandarin's sole shareholder.

20. Upon information and belief, Defendant Tsai & Associates is a business entity that is and at all relevant times was organized and operating under the laws of California with a principal place of business in County of Los Angeles, California. Upon information and belief, David Tsai is the controlling member of Tsai & Associates.

21. Upon information and belief, Defendant Mildred Properties, LLC ("Mildred") is and at relevant times was a California limited liability company with a principal place of business in County of Los Angeles, California. Upon information and belief, David Tsai and his wife Milley Tsai are Mildred's sole members.

22. There now exists, and at all times since at least the date of the Trust's purchase of a membership interest in Magnus, there has existed, a unity of interests between the Management Defendants, Magnus and the Enterprise Defendants such that separate personalities no longer exist and it would be inequitable to treat the acts alleged herein as the acts of a single defendant alone. The Enterprise Defendants and Magnus were conceived and intended, and have been used, as a device to attempt to avoid liability. The Management Defendants, Magnus and the Enterprise Defendants constitute but one enterprise; and, this enterprise has been so handled such that it should respond, as a whole, for damages arising from the Defendants' conduct.

### Doe Allegations

23. Plaintiffs do not know the true names of Defendant Does 1 through 50 and therefore sue them by those fictitious names. Based on information and belief, Defendant Does 1 through 50 were the